# 11-CV-23083-GRAHAM/GOODMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Jonathan Corbett<br>       Plaintiff<br><br>v.<br><br>Prosper Marketplace, Inc.<br>       Defendant | 11-CV-_____<br><br>**COMPLAINT FOR VIOLATIONS<br>OF 15 U.S.C. § 1681 AND LIBEL**<br><br>**JURY DEMANDED** |

## SUMMARY

1. Defendant Prosper Marketplace, Inc. ("PROSPER") is a lender who formerly held a personal loan issued to Plaintiff Jonathan Corbett ("CORBETT").

2. On or about March 7th, 2011, CORBETT paid off the remaining balance on the above mentioned personal loan.

3. CORBETT's credit report as of July 2nd, 2011 still lists CORBETT's loan with PROSPER as unpaid and in "collection/charge-off" status as a result of PROSPER's knowing refusal to update CORBETT's credit report and despite CORBETT's attempt to dispute the credit item.

## JURY TRIAL

4. CORBETT demands a jury trial.

## PARTIES

5. Plaintiff CORBETT is an individual residing in the State of Florida.

6. Defendant PROSPER, upon information and belief, is a corporation headquartered in the State of California.

## JURISDICTION & VENUE

7. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681[1].

8. This court has supplemental jurisdiction over the state law claims herein.

9. This court is an appropriate venue because PROSPER regularly conducts business within this district, as evidenced by the fact that PROSPER is licensed by the Florida Office of Financial Regulation (license #CF0900228 and others).

## ALLEGATIONS OF FACT

10. On or about April 26th, 2007, CORBETT obtained a personal loan through PROSPER.

11. On or about March 7th, 2011, CORBETT made the final payment in full satisfaction of all amounts due for the above listed personal loan.

12. On or about March 19th, 2011, CORBETT noted that PROSPER had not yet updated CORBETT's credit report to reflect that the above listed personal loan was indeed paid in full.

---

[1] This complaint brings a claim under 15 U.S.C. § 1681s-2(b), for which an individual claim may be brought. See *Vazquez-Garcia v. Trans Union De P.R., Inc.*, 222 F. Supp. 2d 150, 155 (D.P.R. 2002), *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002), *Dimezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296, 1300 (D.N.M. 2000).

13. On or about March 19th, 2011, CORBETT filed a dispute with TransUnion, a credit reporting agency, in accordance with 15 USC § 1681i(a), complaining of the above discussed inaccuracy.

14. On or about April 15th, 2011, TransUnion completed its investigation, the result of which was leaving the disputed item on CORBETT's credit report.

15. On or about July 2nd, 2011, the PROSPER loan still appeared on CORBETT's latest TransUnion report as a "collection/charge-off" account with $624 past due.

16. On or about July 2nd, 2011, CORBETT contacted TransUnion by phone.

17. TransUnion, during this phone call, confirmed to CORBETT that during the dispute period of approximately March 19th, 2011 through April 15th, 2011, it contacted PROSPER regarding the dispute as required by 15 USC § 1681i(a)(2)(A).

18. TransUnion, during this phone call, confirmed to CORBETT that the dispute was closed without removing the item because PROSPER affirmed to them that CORBETT's account was unpaid.

19. TransUnion, during this phone call, confirmed to CORBETT that the most recent information they have received from PROSPER indicated that CORBETT's account was still unpaid.

20. This account has a distinct negative impact on CORBETT's credit.

21. CORBETT recently made attempts to purchase a home, however was unable to obtain financing due to his credit score.

22. Upon information and belief, removal of the negative PROSPER account was the difference between a credit score that was acceptable for obtaining a mortgage and a credit score that was not.

## **CLAIMS FOR RELIEF**

### **Count I – Violations of 15 USC § 1681s-2(b)**

23. PROSPER furnished information to a consumer reporting agency.

24. PROSPER regularly furnishes information to consumer reporting agencies in the ordinary course of its business.

25. The information was not accurate.

26. PROSPER had no reason to believe that the information was accurate.

27. A dispute was opened by the consumer with the consumer reporting agency.

28. PROSPER failed to correct the inaccurate information when notified of the dispute by the consumer reporting agency.

29. While PROSPER's initial publication of inaccurate statements could be argued to be simply negligent, PROSPER's failure to correct these statements and implicit approval of their continued publication brings PROSPER's conduct to the level of willful and intentional.

### **Count II – Libel**

30. PROSPER's statements on CORBETT's credit report are false.

31. PROSPER's statements on CORBETT's credit reports are intrinsically defamatory.

32. PROSPER is aware, and at all times was aware, of the true status of CORBETT's account.

33. While PROSPER's initial publication of inaccurate statements could be argued to be simply negligent, PROSPER's failure to correct these statements and implicit approval of their continued publication brings PROSPER's conduct to the level of willful and intentional.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for the following relief:

1. Actual damages to be determined by a jury in regards to the damage to CORBETT's credit report and inability to buy a home caused by PROSPER.

2. Statutory damages under 15 USC § 1681n(a)(1)(A) in the amount of $1,000.

3. Punitive damages as allowed by 15 USC § 1681n(a)(2) and the libel count, in the amount of ten times the statutory damages sought, or $10,000.

4. Injunctive relief requiring PROSPER to cure its libel by properly listing CORBETT's account with any credit reporting agencies with which it has listed the account.

5. Cost of the action.

6. Attorney's fees, should CORBETT retain an attorney for this action. CORBETT does not seek attorney's fees for any *pro se* labor, and only seeks attorney's fees in the event that he retains an attorney admitted to this Court.

7. Any other such relief as the court deems appropriate.

Respectfully submitted this 26th day of August, 2011.

Jonathan Corbett

Plaintiff, *Pro Se*

407 Lincoln Road, #11A

Miami Beach, FL 33139

E-mail: jcorbett@fourtentech.com